# CIRCUIT COURT OF THE CITY OF NORFOLK

Susan Godwin

v.

Bay Point Association
Board of Directors
and Bay Point Association

February 8, 2011

Case No. (Civil) CL10-5422

By JUDGE MARY JANE HALL

This matter comes before the Court on Defendants' Plea in Bar and Demurrer. After consideration of all briefs and the arguments of counsel, the Court sustains in part and denies in part Defendants' Plea in Bar and Demurrer.

*Procedural Background*

On August 13, 2010, Susan Godwin filed a Verified Complaint against the Board of Directors of Bay Point Association and Bay Point Association attacking their actions regarding the classification of liability for certain insurance premiums in 2006 and 2007. Defendants filed a Plea in Bar and Demurrer to Godwin's Complaint on October 18, 2010, arguing, among other things, that the statute of limitations barred any challenges to the Defendants' actions. On November 23, 2010, this Court heard oral arguments from counsel and, at the conclusion of the hearing, requested that counsel brief the issues raised in Defendants' Plea in Bar and Demurrer.

Godwin has three pending causes of action against Defendants that are before the Court; (1) Breach of the Governing Documents, (2) Breach of Fiduciary Duty, and (3) Declaratory Judgment. Count Four, seeking injunctive relief, is not the subject of a defensive motion.

## I. *Plea in Bar*

### A. *Count One: Breach of the Governing Documents by the Association*

Godwin alleges that the Association breached its governing documents by taking certain action in 2006 and 2007 that resulted in increased insurance premiums being assessed to her. In October 2006, the Board drafted and signed the "Resolution Relating to Physical Damage and Flood Insurance" (the "Resolution"), and, in November 2007, it drafted and signed a document entitled "Bylaw Amendment Relating to Insurance Premiums" (the "Bylaw Amendment").

Defendants contend that challenges to either of these actions by the Board are time-barred. The Virginia Condominium Act establishes the procedure by which condominium instruments may be amended and provides: "An action to challenge the validity of an amendment adopted by the unit owners' association pursuant to this section may not be brought more than one year after the amendment is recorded." Va. Code Ann. § 55-79.71(C).

The Court concludes that the Resolution, signed on October 26, 2006, and recorded on December 7, 2006, is not an amendment to the condominium instruments within the meaning of the statute. The Resolution constitutes at most a statement of the Board's opinion that the bylaws should be amended to revise the way that insurance premiums are assessed against condominium owners. The Resolution acknowledges "the need to amend the Bylaws" and that "the amendment process, as experienced by the recently enacted Bylaws amendment, is lengthy and inconsistent with the Budget preparation schedule for the upcoming Fiscal Year." It appears that the Board sought to use the Resolution as a way to bypass the bylaw amendment process at that time, with the understanding that it would "cause the appropriate amendment to the Bylaws codifying the changes contained in the Resolution to be prepared and presented to the Association for adoption within Fiscal Year 2007."

Because the Resolution was not "an amendment adopted by the unit owners' association" pursuant to the Condominium Act, the statute of limitations provided in that Act does not apply. The Court does not reach what alternative statute of limitations may be applicable in its stead and finds only that the one issue on which the Defendants rely does not apply. The Plea in Bar is overruled as to claims made in Count One predicated on the 2006 Resolution of the Board of Directors.

In contrast, the Court concludes that the Bylaw Amendment, signed on November 13, 2007, and recorded on December 14, 2007, was an amendment to the condominium instruments within the meaning of the statute; therefore, the one-year statute of limitations prescribed in Virginia Code § 55-79.71(C) does apply.

Godwin argues that, because Defendants violated mandatory procedures for amending the bylaws of Bay Point Association, the attempted amendment is null and void. She asserts, therefore, that the one-year statute of limitations does not apply because the Amendment is not a *valid* amendment under the procedures prescribed by the Condominium Act and the bylaws of Bay Point Association. This argument is not persuasive. Nothing in the statute suggests that only *valid* bylaw amendments are subject to the one-year statute of limitations for challenges to their validity. The statute allows one year to challenge the validity of *any* amendment, not just valid ones.

The Bylaw Amendment was recorded on December 14, 2007, and Godwin filed this suit more than two years later. Therefore, the Plea in Bar is sustained as to any claims made in Count One relating to the 2007 Bylaw Amendment.

## B. *Count Two: Breach of Fiduciary Duty*

Godwin and Defendants agree an action for breach of fiduciary duty must be filed within two years from the date of the breach according to Va. Code § 8.01-248. *See also Kappa Sigma Fraternity v. Kappa Sigma Fraternity*, 266 Va. 455, 467 (2003) (applying the two-year statute of limitations to breaches of fiduciary duty).

Godwin argues that the Board initially breached the fiduciary duty in 2006 and 2007 "when in bad faith [it] knowingly and willfully" adopted the Resolution and the Bylaw Amendment. Additionally, Godwin argues that there were renewed breaches by the Board when it adopted the annual budgets for 2009 and 2010, reflecting the changes made to assessments for insurance premiums pursuant to the Resolution and the Bylaw Amendment.

Defendants assert that Godwin's argument for a renewed breach based on the adoption of the 2009 and 2010 budgets was not alleged in her Complaint and cannot be given weight at this time. Even had it been properly alleged, the Court does not find Plaintiff's argument of a renewed breach to be persuasive. Any breach of fiduciary duty relating to the change in insurance premium assessment took place when the Board acted in 2006 and 2007 to adopt the Resolution and Bylaw Amendment. The latest of these actions occurred in December 2007, over two years prior to the filing of this suit. Godwin's claims for a breach of fiduciary duty by the Board of Directors are barred by the expiration of the two-year statute of limitations. The Plea in Bar is sustained as to Count Two of the Complaint.

## C. *Count Three: Declaratory Judgment*

Godwin has asked the Court for entry of an order declaring the Resolution and the Bylaw Amendment to be void *ab initio* and therefore null and void and ordering the budgets of Bay Point Association from 2007 until 2010 be recalculated in accordance with the bylaws as they existed prior to the Resolution and the Bylaw Amendment.

As discussed herein, the statute of limitations has run as to any challenge of the validity of the Bylaw Amendment. Godwin is barred from litigating the validity of the 2007 Bylaw Amendment, whether in a claim for damages or for declaratory relief as she requested in Count Three of her Complaint.

While the claim for declaratory relief as to the effect of the 2006 Resolution may not be subject to the bar of the one-year statute of limitations, as discussed, it is not clear to the Court what relief could be granted to Godwin under Count Three that is not already the subject of claim for breach as articulated in Count One. It is within the sound discretion of the trial court whether or not to declare jurisdiction over a claim for declaratory judgment. *Liberty Mutual Ins. Co. v. Bishop*, 211 Va. 414, 421, 177 S.E.2d 519, 521 (1970). Where a right has matured or a wrong has been suffered, a claim for monetary relief may be the more appropriate remedy. *Id*. Godwin has asserted such a claim in this case.

The Court therefore declines to exercise jurisdiction over Godwin's request for declaratory relief relating to the 2006 Resolution, the only aspect of Count One that is not time-barred. Godwin has a pending cause of action for recovery based on a breach of the governing documents of the Condominium Association by the Board of Directors for its actions taken with respect to the Resolution. Declaratory relief therefore appears to be a duplicative remedy that does not add anything to the relief that may be available under Count One.

## II. *Demurrer*

The Board has demurred to each count of the Complaint on the basis that it has improperly been included as a defendant and that relief lies only, if at all, against the Association. The Court agrees. The Demurrer is sustained as to the Board.

The Court does not reach the remaining bases on which the Association demurs in light of the ruling on the Plea in Bar, which has already disposed of those claims.

## *Conclusion*

The claims remaining are those in Count One against the Association relating to the 2006 Resolution and those included in Count Four that were

not the subject of any motion by the Defendants. Other claims are dismissed with prejudice.